After much agitation and diversity of opinion in our courts of justice, it is now, I believe, the settled law, as understood both in the Supreme Court of the United States and of this State, that by virtue of the first section of the fourth article of the Constitution of the United States the judicial proceedings of one State are conclusive evidence of the facts which they affirm, when offered as evidence in other States, and when authenticated in the manner prescribed by the Congress of the United States the court, and not the jury, is the trier of the fact when the issue is directly upon them. When the issue is not directly upon them, they, like our own judicial proceedings, go to the jury. The issue in this case being directly upon the affirmation of *Page 222 
(401) the record (the moral depravity of the witness), goes to the court and the record directly establishing that fact, which by our law renders him incompetent, he should have been rejected. In doing this we are not enforcing the penal laws of other States, nor the penal laws of our own State, for this is inflicting no punishment on the witness; but are simply carrying our own laws into execution, which declare that persons who have been guilty of the crimen falsi are entirely unworthy of belief; and we take as evidence of such fact the judicial proceedings of our sister State, which the Constitution of the United States declares shall have full faith and credit in each State. If the exclusion of men convicted of such acts from giving evidence were a punishment, then he ought to have been received, for truly he has not offended against the laws of this State, and we have, therefore, no right to punish him. But it is a duty which we owe to those who are to be affected by the judgments of our courts that the courts should be kept clear of such depravity, and that no proceedings should be founded upon it. It is asked, What if the Governor, or proper authority of Tennessee, should have pardoned him? That question has not arisen in this case; but as we trust to the judicial proceedings of Tennessee to fix the fact of his guilt, perhaps we should also trust to the proper authority in doing it away for some proper cause; for that there was a proper cause is a legal presumption which cannot be controverted either here or there. It is further said that no such precedent can be found in the English decisions. It is admitted, for they do not give full faith and credit to the proceedings of any courts but those of their own country; both the laws and proceedings of other countries are tried as facts by the jury. The question, therefore, cannot be brought before the court; and even if the witness should admit his guilt in England, or his conviction in a foreign country, the admission is not conclusive evidence of the facts. It does not import verity; it may be false, and the court cannot try it. The testimony must, (402) therefore, go to the jury, who will appreciate it as they think proper. The fallacy of the opposite reasoning, I think, is that it is supposed that it is the conviction which qualifies, whereas it is the crime. The conviction establishes the fact of criminality in such a manner that it cannot be controverted; and if it cannot be controverted the witness is not to be heard. And a conviction being the only method by which the fact of criminality can be so fixed that it cannot be denied, and facts which cannot be controverted being at once submitted to the court in order that the legal inferences may be drawn (for why send a fact which the law will not permit to be controverted to triers of facts, who will be bound to return it in the same state to the court, entirely unchanged?), this, I say, has given rise to the opinion that it is the *Page 223 
conviction which disqualifies a witness, whereas it only incontrovertibly establishes the fact of criminality, and it is the criminality which excludes him. For these reasons I think there should be a new trial.